**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

CASE NO..:_____

WAYMO, LLC

     Plaintiff,

                            **Re**: **No. C 17-00939 WHA, N.D. Cal.**

v.

UBER TECHNOLOGIES, LLC.,
OTTO TRUCKING, LLC,
and OTTOMOTTO, LLC,

     Defendants.

_____/

**NON-PARTY CRAIG CLARK'S EMERGENCY**
**MOTION TO QUASH AND STAY SUBPOENA TO TESTIFY**
**AT A DEPOSITION IN CALIFORNIA ON DECEMBER 21, 2017**

     Just three days ago, on Friday, December 15, 2017, non-party Craig Clark was served with a facially defective subpoena that purportedly required him to appear for a deposition just six days later, on December 21, 2017, in San Francisco, California, more than three thousand (3,000) miles away from his residence in South Florida.[1]  Undersigned counsel has negotiated extensively with counsel for Waymo, LLC, the party that served the subpoena, to minimize the burden on Mr. Clark, but has been largely unsuccessful.  Consequently, Mr. Clark was left with no choice but to file this emergency motion to quash the subpoena pursuant to Fed. R. Civ. P. 45.[2]

     This Court is required to quash the subpoena pursuant to Rule 45(d)(3)(a) because (i) it fails to allow a reasonable time to comply, (ii) requires Mr. Clark to comply beyond the one hundred (100) mile geographical limit specified in Rule 45(c), (iii) will undoubtedly require Mr. Clark, who formerly served as an attorney for Defendant Uber Technologies, Inc. ("Uber"), to

---

[1] A true and correct copy of the subpoena is attached as **Exhibit 1**.

[2] Although the subpoena was issued by the Northern District of California, compliance with the subpoena is required in the Southern District of Florida because Mr. Clark is resident of South Florida.  Thus, pursuant to Federal Rule of Civil Procedure 45(d)(3)(A) and (f), this motion to quash was filed in this Court.

disclose attorney-client privileged material, and (iv) will subject Mr. Clark to undue burden during the height of the holiday season.  In addition, given that the deposition is currently scheduled on Thursday, December 21, 2017, Mr. Clark requests that the Court hold an expedited hearing on the motion to quash, and stay the enforcement of the subpoena until it rules upon the motion to quash the subpoena.

## I.    BACKGROUND

### a.    The *Waymo v. Uber* Litigation in the Northern District of California

On February 23, 2017, Waymo, an autonomous car development company that is a subsidiary of Google's parent company, Alphabet Inc., filed a lawsuit against Uber and other parties in the Northern District of California, alleging theft of trade secrets, patent infringement and other claims.  With Waymo claiming damages of $2.6 billion, the lawsuit has been heavily litigated, with more than 2,400 docket entries generated in just ten months.

Over the last ten months, there was never any indication that Mr. Clark, a former in-house attorney in Uber's Security Division, had any relevance to the litigation, either as a fact witness or as a lawyer. (Clark Declaration at ¶ 1, attached as **Exhibit 2**). Indeed, Mr. Clark had no substantive involvement, actual or anticipated, in the underlying litigation, and he never worked in the autonomous driving unit at Uber that is the subject of the litigation.

But the litigation took an unexpected turn on or about November 22, 2017.  On that date, the Acting United States Attorney for the Northern District of California, Alex G. Tse, took the highly unusual step of sending a letter to United States District Judge William Alsup, notifying him that there was a pending criminal investigation of Uber.  The U.S. Attorney's Office further advised Judge Alsup that it had interviewed Ric Jacobs, a former Uber employee, who accused Uber of a wide variety of misconduct, including the use of various technologies, including ephemeral communication services and non-attributable computing devices, that could be used to conceal the theft of trade secrets. (D.E. 2383).  More importantly, the U.S. Attorney advised Judge Alsup that Mr. Jacobs' attorney had previously disclosed these same allegations in a May 5, 2017, letter to Angela Padilla, Uber's associate general counsel (hereinafter "the Jacobs letter").  (*Id.*).

This revelation by the U.S. Attorney's Office triggered another round of intense and acrimonious litigation because Uber had apparently failed to produce the Jacobs letter to Waymo in discovery.  Judge Alsup conducted a lengthy evidentiary hearing on November 28 and 29, 2017 to address, among other things, why the Jacobs letter had not been produced.  During the hearing,

Judge Alsup heard testimony from several current and former Uber employees including Angela Padilla, Matt Henley, Nick Gicinto and, most importantly, Ric Jacobs. Based on Jacobs' own testimony, it became abundantly clear that the Jacobs letter was a woefully inaccurate advocacy piece, drafted by his attorney, to extract an outsized and undeserved settlement from Uber. Indeed, Mr. Jacobs testified that he did not write, let alone carefully or thoroughly review, the Jacobs letter, and that the letter was "hyperbolic," "speculative," and the product of "surmising." (Tr. Nov. 28, 2017 at 25, 30, 59, 86). Moreover, Jacobs recanted or disagreed with critical statements that his lawyer made in the letter, including that Uber engaged in clandestine efforts to steal trade secrets from Waymo." (*Id.* at 25, 29-30, 61). Thus, the contrast between Mr. Jacobs' testimony under oath, and the content of the advocacy piece drafted by his attorney, is troubling.

Although it became clear that the Jacobs letter was riddled with outright lies, exaggerations, inferences, and wild speculation, Judge Alsup nonetheless issued an order on December 1, 2017, postponing the trial date from December 4, 2017, to February 5, 2018, and authorizing Waymo to conduct supplemental discovery related to the Jacobs letter. (D.E. 2315). Judge Alsup put the parties on a very tight deadline, requiring supplemental discovery to be completed in just twenty-one days, by December 22, 2017.

Notably, the critical Jacobs letter—which served as the basis for the supplemental discovery—remained under seal until just three days ago, Friday, December 15, 2017. Thus, neither Mr. Clark nor his lawyers had access to any portion of the Jacobs letter until three days ago, and did not know the extent of the blatantly false and defamatory statements that Mr. Jacobs made about Mr. Clark. As it stands, Mr. Clark and his lawyers only have access to a redacted version of the letter made public three days ago. (Exh. 2 at ¶ 5).

### b. Waymo's Delayed and Deficient Efforts to Subpoena Mr. Clark for a Deposition

With such a short discovery deadline, and given that Waymo is represented by a small army of lawyers, one would think that necessary witnesses would have been served with subpoenas immediately. They were not. Thirteen days after Judge Alsup issued his order, Waymo's counsel emailed an electronic copy of Mr. Clark's subpoena to Mark Howitson, Esq., Mr. Clark's personal counsel in California, and asked if he would accept service. (Howitson Declaration at ¶¶ 1-2, attached as **Exhibit 3**). Mr. Howitson declined to accept service, advised Waymo's counsel that he was not authorized to do so, and explained that Mr. Clark should be personally served at his

residence.  (*Id.* at ¶ 3; Exh. 2 at ¶ 2).  Moreover, he indicated that Mr. Clark was an attorney for Uber and that he expected issues concerning attorney-client privilege to inevitably arise.  (Exh. 3 at ¶ 4).  Mr. Howitson also noted that the subpoena was facially defective as it purported to require Mr. Clark to appear in San Francisco in violation of Rule 45.  (*Id.* at ¶ 5).  Mr. Howitson also requested that Waymo's counsel provide him with a redacted or unredacted copy of the Jacobs letter.  (*Id.*).  He also advised Waymo's counsel that he and Mr. Clark were unavailable on December 21, 2017, the date contained in the defective subpoena.  (*Id.* at ¶ 4).

Waymo ignored Mr. Howitson's requests, and later emailed Mr. Howitson with a corrected copy of a subpoena it intended to serve on Mr. Clark, with the deposition location changed to Miami, Florida in compliance with Rule 45.  (*Id.* at ¶ 2).  In response, Mr. Howitson again advised that he was unauthorized to accept service on Mr. Clark's behalf.  (*Id.* at ¶ 3; Exh. 2 at ¶ 2).  Nevertheless, Mr. Howitson proposed that Mr. Clark would consider waiving formal service and voluntarily submit to a deposition in the spirit of compromise if (i) Waymo agreed to limit the deposition to four hours, (ii) Waymo agreed to refrain from asking any questions relating to an alleged data breach at Uber that occurred in 2016, (iii) Waymo agreed to provide relevant documents to Mr. Clark seven days in advance of the deposition, (iv) Waymo agreed to move the deposition to January 15, 2018, to accommodate Mr. Howitson's child care obligations, and undersigned counsel's holiday plans, and (v) Waymo reimbursed Mr. Clark and his counsel for travel expenses incurred.  (*Id.* at ¶ 5).

Waymo finally served Mr. Clark with a subpoena at his Florida residence on December 15, 2017, just four business days before the scheduled deposition.  (Exh. 2 at ¶ 5).  Curiously, Waymo chose to serve Mr. Clark with the defective subpoena requiring him to appear in San Francisco, rather than the later-issued but still defective subpoena requiring him to appear in Miami.  Thus, Mr. Clark has still not been served with a subpoena that complies with Rule 45.  (Exh. 3 at ¶ 6).

Interested in alleviating his burden and in a last effort to reach an accord with counsel for Waymo, on December 17, 2017, Mr. Clark's counsel tried again to meet and confer with counsel for Waymo by telephone, and explained the deficiencies in the subpoena.  (*Id.* at ¶ 9).  Again, in the spirit of compromise, Mr. Clark proposed that: 1) the deposition would occur on December 22, 2017, in San Francisco, California, despite the late notice and the extensive travel required; 2) it would last only four (4) hours; 3) Waymo would produce any and all documents that it intended to show Mr. Clark or question him about by the end of the day Tuesday, December 19, 2017; 4)

Waymo would pay the round trip airfare for Mr. Clark and undersigned counsel plus overnight hotel rooms in San Francisco; and 5) that Waymo would not ask Mr. Clark about the alleged 2016 data breach. (*Id.*). Although Waymo eagerly accepted Mr. Clark's offer to travel to San Francisco, California, saving Waymo and its counsel the time, expense, and aggravation of traveling to Miami, Florida, it refused to accept any of Mr. Clark's proposed accommodations, except that it agreed to hold the deposition on December 22, 2017, giving Mr. Clark one extra day to prepare for the deposition, though without the benefit of reviewing any documents in advance of the deposition. (*Id.* at ¶ 10).

While Mr. Howitson and Waymo were engaged in ongoing negotiations and discussions, Mr. Clark diligently searched for counsel in South Florida, where he resides, to represent him. Mr. Clark retained undersigned counsel on December 12, 2017. (Exh. 2 at ¶¶ 3-4). Consequently, although Mr. Clark has worked diligently with undersigned counsel, including throughout the weekend, he has not had adequate time to prepare for the deposition in this matter. (*Id.* at ¶ 6).

Compounding the burden here, and despite multiple requests to the parties to the litigation, the undersigned did not receive <u>any</u> documents related to Mr. Clark until the evening of December 15, 2017, when a heavily redacted version of the Jacobs letter was made available to the public. (*Id.* at ¶ 5; Exh. 3 at ¶ 7). Accordingly, Mr. Clark and his counsel will have only three business days to prepare to testify on several issues, many of which are also the subject of the government's criminal investigation.

Moreover, due to the compressed time frame, Mr. Clark has not been able to meet and coordinate with counsel for Uber, his former employer, regarding the delicate and difficult attorney-client privilege issues that will undoubtedly arise during Mr. Clark's deposition. To be sure, Mr. Clark's role at Uber was to provide legal advice, and there is no doubt that virtually all of the questions posed to him will require difficult privilege determinations, unless privilege has been waived on certain topics. Mr. Clark intends to scrupulously abide by the California Rules of Professional Conduct, and intends to protect the interests of his former client, despite the fact that he was wrongfully and illegally terminated. To achieve these objectives, Mr. Clark believes he needs time to address the privilege issues with Uber, and to understand the scope of any potential waivers.

## II.   <u>LEGAL ARGUMENT</u>

Mr. Clark, whose sterling reputation in Silicon Valley has been wrongfully damaged by an underperforming and disgruntled former Uber employee, anxiously awaits the opportunity to clear his name and to expose the sensational and patently false allegations made by Mr. Jacobs.  Mr. Clark, however, is entitled under the Federal Rules of Civil Procedure to do so at an appropriate time and place, not across the country in a hastily scheduled deposition without adequate notice.

Indeed, Federal Rule of Civil Procedure 45 emphasizes the importance of protecting non-parties from harassment, annoyance, and undue burden, and minimizing the expense associated with unexpected participation in litigation.  *See*, *e.g.*, *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 234 (1964) (noting that the long-standing rules regarding service of subpoenas within 100 miles "is designed not only to protect witnesses from the harassment of long, tiresome trips but also, in line with our national policy, to minimize the costs of litigation, which policy is strongly emphasized in the Federal Rules of Civil Procedure") *disapproved of on other grounds by Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987).  Significantly, it provides that a subpoena may only command a person to attend a deposition that is within 100 miles of where the person resides, is employed, or regularly transacts business, and authorizes the imposition of a sanction – lost earnings and reasonable attorney's fees – on the party issuing and serving the subpoena if it fails to take reasonable steps to avoid imposing undue burden or expense on the potential deponent.  Fed. R. Civ. P. 45(c)(1)(A) and (d)(1).  Moreover, quashing is not permissive.  Rule 45 states that the court where compliance is required <u>must</u> quash a subpoena on timely motion if it:

> (i)     fails to allow a reasonable time to comply;
> (ii)    requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii)   requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv)    subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv); *Regents of Univ. of California v. Kohne*, 166 F.R.D. 463, 464 (S.D. Cal. 1996) (noting that the provisions of Fed. R. Civ. P. are to be read literally), *dismissed*, 113 F.3d 1256 (Fed. Cir. 1997).

The subpoena at issue here is fatally defective on each of those four bases.  Indeed, Mr. Clark was served with the defective subpoena on December 15, 2017, just four (4) business days

before the scheduled deposition in San Francisco, California, well more than 100 miles from his residence, and at a time and date that is extremely inconvenient and impractical for he and his counsel, especially during the height of the holiday season.

Mr. Clark's preparation for his deposition is also complicated by the fact that he functioned as an attorney at Uber and many of Jacobs' fabrications appear to concern Mr. Clark's provision of legal advice. Thus, much of Mr. Clark's testimony may be subject to evidentiary privileges held and controlled by Uber, and many of Waymo's inquiries could result in inadvertent disclosure of information protected by the attorney-client privilege or other applicable evidentiary privileges.

Further, at the time of filing this motion, Mr. Clark and his counsel are just three business days away from a scheduled deposition and have only been able to review a heavily redacted copy of the 37-page letter that implicates Mr. Clark in matters that are the subject of a criminal investigation by the U.S. Attorney's Office of the Northern District of California. Thus, the undersigned is unable to adequately assess Mr. Clark's potential liability, which is inarguably prejudicial to Mr. Clark.

Finally, the undue burden caused by this subpoena is further underscored by the fact that it is cumulative of several other witness depositions. Mr. Clark understands that Waymo has taken or will soon take the depositions of at least seventeen (17) former and current Uber employees regarding the substance of the Jacobs letter, including Mr. Clark's supervisors and Uber's former Chief Executive Officer, and has examined witnesses at the November 28 and 29, 2017 evidentiary hearings concerning this very issue. Thus, Mr. Clark should not be unduly burdened under Rule 45, particularly because the discovery sought by Waymo is unreasonably cumulative and disproportionate to the incremental value expected from Mr. Clark's testimony.

Waymo was apprised of the defects in its subpoena during the meet and confer process and made no meaningful effort to address them. Specifically, Mr. Howitson noted that the subpoena Waymo intended to serve was facially defective, indicated that he was concerned about the duration of the deposition, explained the potential privilege issues given that Mr. Clark served as Uber's attorney, noted Mr. Clark's inability to access relevant documents to prepare for the deposition, and apprised Waymo of Mr. Clark's and his counsel's unavailability on December 21, 2017 and throughout the holiday period. (Exh. 3 at ¶¶ 3-5).

Further, although not obligated to do so, Mr. Clark offered Waymo a significant concession: his voluntary appearance at a deposition across the country in San Francisco well in

advance of upcoming trial to avoid causing Waymo additional expense and delay in the underlying case.  (*Id.* at ¶ 5).  In return, Mr. Clark asked Waymo for a variety of reasonable accommodations to minimize the burden placed upon him by these rushed discovery proceedings.  (*Id.*).  Without explanation, Waymo rejected these reasonable requests, before belatedly conceding only that which it had to – that it would not question Mr. Clark about an alleged 2016 data breach because it had no relevance to the Jacobs letter, and Judge Alsup already prohibited this line of inquiry during the evidentiary hearings. (*Id.* at 8; Tr. Nov. 29, 2017 at 89-90); *see Overseas Ventures, LLC v. ROW Mgmt., Ltd.*, 12-62415-CIV, 2014 WL 12613279, at *1 (S.D. Fla. Jan. 29, 2014) (urging the party issuing a subpoena to make a meaningful effort to cooperate and choose an alternative to subjecting a non-party to incur the expenses associated with traveling for a deposition).

Finally, hours before filing this motion to quash, counsel for Mr. Clark again offered significant concessions, this time proposing: 1) the deposition would occur December 22, 2017, in San Francisco, California, despite the late notice and the extensive travel required; 2) it would last only 4 hours; 3) Waymo would produce any and all documents that it intended to show Mr. Clark or question him about by the end of the day Tuesday, December 19, 2017; 4) Waymo would pay the round trip airfare for Mr. Clark and undersigned counsel plus overnight hotel rooms in San Francisco; and 5) the aforementioned limitation on testimony would be honored.  (*Id.* at 9). Despite Mr. Clark's generous offer to save Waymo and its counsel the time, expense, and aggravation of traveling to Miami, Florida, Waymo refused to accept any of Mr. Clark's proposals, except that it agreed to give Mr. Clark one extra day to prepare for the deposition. (*Id.* at ¶ 10).

Accordingly, Waymo completely and flagrantly disregarded Rule 45 "undue burden" requirement, as well as Mr. Clark's rights as a non-party who has been sucked into this litigation based on the hyperbolic and sensationalist allegations ginned up by a disgruntled former Uber employee.  This subpoena must be quashed, and the court should order Waymo to pay Mr. Clark's reasonable attorney's fees incurred in preparation of this motion.

### III.   CONCLUSION

Although the underlying litigation may be critically important to the parties, Mr. Clark is a private citizen whose rights as a non-party must be protected from abusive tactics. Thus, this Court <u>must</u> quash the subpoena pursuant to Rule 45(d)(3)(a) because the subpoena (i) fails to allow a reasonable time to comply, (ii) requires Mr. Clark to comply beyond the one hundred (100) mile geographical limit specified in Rule 45(c), (iii) will undoubtedly require Mr. Clark, who formerly

served as an attorney for Uber to disclose attorney-client privileged material, and (iv) subjects Mr. Clark to undue burden during the height of the holiday season.  In addition, given the exigency of this motion, Mr. Clark requests an expedited hearing in advance of the December 21, 2017 scheduled deposition, and a stay of the enforcement of the subpoena until disposition of this motion.

## CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(A)(3)

Consistent with Southern District of Florida Local Rule 7.1(a)(3), undersigned counsel conferred with counsel for Waymo, LLC, in a good faith effort to resolve the issues raised in the motion and was unable to do so.

Respectfully Submitted:

s/ Ryan K. Stumphauzer
Ryan K. Stumphauzer, Esq.
Florida Bar No. 0012176
rstumphauzer@sslawyers.com
Jorge A. Perez Santiago, Esq.
Florida Bar No. 91915
jperezsantiago@sslawyers.com
STUMPHAUZER & SLOMAN, PLLC
SunTrust International Center
One SE 3rd Avenue, Suite 1820
Miami, FL 33131
Tel: (305) 371-9686
Fax: (305) 371-9687

*Counsel for Non-party Craig Clark*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of December, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the matter of *Waymo v. Uber et al.*, Case No. C 17-00939 WHA, as identified below, via email.

## SERVICE LIST

*Counsel for Plaintiff Waymo, LLC*:

Amy H Candido
Quinn Emanuel et al LLP
50 California St 22FL
San Francisco, CA 94111-4624
415-875-6600
Email: amycandido@quinnemanuel.com

Charles Kramer Verhoeven
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Fax: (415) 875-6700
Email:
charlesverhoeven@quinnemanuel.com

Yury Kapgan
Quinn Emanuel
865 S Figueroa St 10th Floor
Los Angeles, CA 90017
213-443-3000
Fax: 213-443-3100
Email: yurykapgan@quinnemanuel.com

Andrea Pallios Roberts
Quinn Emanuel Urquhart Oliver & Hedges
LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6600
Fax: 415-875-6700
Email: andreaproberts@quinnemanuel.com

Andrew Michael Holmes
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street
22nd Floor
San Francisco, CA 94111
415-875-6600
Fax: 415-875-6700
Email: drewholmes@quinnemanuel.com

*Counsel for Defendant Uber Technologies, LLC:*

Aaron James Bergstrom
Uber Technologies, Inc.
1455 Market Street
4th Floor
San Francisco, CA 94103
4155337652
Email: abergstrom@uber.com

Arturo J. Gonzalez
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7020
Email: agonzalez@mofo.com

Angela Lucia Padilla
VMware, Inc.
3401 Hillview Avenue
Palo Alto, CA 94304
650-427-5000
Fax: 650-475-5101
Email: angela.padilla@uber.com

Camila Alicia Tapernoux
Morrison and Foerester
425 Market Street
32nd Floor
San Francisco, CA 94105
415-268-6273
Fax: 415-268-7522
Email: CTapernoux@mofo.com

Cory Buland
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
(212) 336-8330
Email: cbuland@susmangodfrey.com
PRO HAC VICE

Daniel Pierre Muino
Morrison & Foerster LLP

Andrew Peter Marks
Quinn Emanuel Urquhart and Sullivan, LLP
51 Madison Ave.
22nd Fl.
New York, NY 10010
212-849-7000
Fax: 212-849-7100
Email: andrewmarks@quinnemanuel.com
*PRO HAC VICE*

Brian E Mack
Quinn Emanuel Urquhart and Sullivan LLP
50 California Street 22nd Floor
San Francisco, CA 94111
415-875-6600
Email: brianmack@quinnemanuel.com

Carl Gunnar Anderson
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6600
Fax: 415-875-6700
Email: carlanderson@quinnemanuel.com

David Michael Cooper
Quinn Emanuel Urquhart Sullivan LLP
51 Madison Ave, 22nd Floor
New York, NY 10010
212-849-7000
Email: davidcooper@quinnemanuel.com
*PRO HAC VICE*

David Eiseman , IV
Quinn Emanuel Urquhart & Sullivan
50 California Street
22nd Floor
San Francisco, CA 94111
415-875-6600
Fax: 415-875-6700
Email: davideiseman@quinnemanuel.com

David Andrew Perlson
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor

425 Market Street
San Francisco, CA 94105-2482
415-268-7475
Email: dmuino@mofo.com

Edward Takashima
Boies, Schiller, and Flexner LLP
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
310-752-2400
Fax: 310-752-2490
Email: etakashima@bsfllp.com

Elizabeth Gilmore Balassone
Morrison and Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
415-268-7000
Fax: 415-268-7522
Email: EBalassone@mofo.com

Eric Akira Tate
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
415-268-6915
Fax: 415-268-7522
Email: etate@mofo.com

Esther Kim Chang
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
Fax: (415) 268-7522
Email: EChang@mofo.com

Fiona Tang
Boies, Schiller and Flexner LLP
1999 Harrison Street
Suite 900
Oakland, CA 94612
510-874-1000
Fax: 510-874-1460
Email: ftang@BSFLLP.com

San Francisco, CA 94111
415-875-6600
Fax: 415-875-6700
Email: davidperlson@quinnemanuel.com

Felipe Corredor
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6600
Fax: 415-875-6700
Email: felipecorredor@quinnemanuel.com

James E. Baker
Quinn Emanuel
51 Madison Avenue
New York, NY 10010
(212) 849-7114
Email: jamesbaker@quinnemanuel.com
*PRO HAC VICE*

James Dubois Judah
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Fax: (415) 875-6700
Email: jamesjudah@quinnemanuel.com

Jared Weston Newton
1299 Pennsylvania Ave NW
Suite 825
Washington, DC 20004
202-538-8108
Email: jarednewton@quinnemanuel.com

Jeffrey John Miles
Quinn Emanuel Urquhart Sullivan LLP
50 California Street
22nd Floor
San Francisco, CA 94111
415-875-6700
Fax: 415-875-6700
Email: jeffmiles@quinnemanuel.com

Jeffrey William Nardinelli

Genevieve Vose Wallace
Susman Godfrey LLP
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206-516-3836
Fax: 206-516-3883
Email: gwallace@susmangodfrey.com
PRO HAC VICE

Halley W. Josephs
Susman Godfrey L.L.P.
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
212-336-8330
Fax: 212-336-8340
Email: hjosephs@susmangodfrey.com
PRO HAC VICE

Hamish Hume
Boies Schiller Flexner
1401 New York Ave., NW
Washington, DC 20005
202-237-2727
Fax: 202-237-6131
Email: hhume@bsfllp.com

Ian M. Gore
Susman Godfrey L.L.P.
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
United Sta
(212) 471-8348
Fax: (212) 336-8340
Email: IGore@SusmanGodfrey.com
PRO HAC VICE

Jessica E Phillips
Boies Schiller Flexner LLP
1401 New York Avenue, NW
11th Floor
Washington, DC 20005
202-895-7592
Email: jphillips@bsfllp.com

Quinn Emanuel Urquhart and Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6600
Fax: 415-875-6700
Email: jeffnardinelli@quinnemanuel.com

John William McCauley , IV
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street
22nd Floor
San Francisco, CA 94111
475-875-6600
Fax: 415-875-6700
Email: johnmccauley@quinnemanuel.com

John M. Neukom
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Fax: (415) 875-6700
Email: johnneukom@quinnemanuel.com

Jonathan S.M. Francis
Quinn Emanuel Urquhart and Sullivan, LLP
San Francisco Office
50 California Street, 22nd Floor
San Francisco, CA 94111
(415)875-6600
Fax: (415)875-6700
Email: jonathanfrancis@quinnemanuel.com

Jordan Ross Jaffe
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Fax: (415) 875-6700
Email: jordanjaffe@quinnemanuel.com

Joshua Lee Sohn
Quinn Emmanuel Urqhart Oliver Hedges
50 California Street

John Pierre Lahad
Susman Godfrey LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
713-653-7859
Fax: 713-654-6666
Email: jlahad@susmangodfrey.com
PRO HAC VICE

Joseph S. Grinstein
Susman Godfrey LLP
1000 Louisiana Street
Suite 5100
Houston, TX 77002-5096
713-651-9366
Fax: 713-654-3354
Email: jgrinstein@susmangodfrey.com
PRO HAC VICE

Joshua Nathanial Friedman
Boies Schiller Flexner
1401 New York Avenue NW
Washington, DC 20005
202-237-2727
Fax: 202-237-6131
Email: jfriedman@bsfllp.com
PRO HAC VICE

Joshua Paul Riley
Boies Schiller Flexner LLP
1401 New York Ave N.W.
SUITE 1100
Washington, DC 20005
(202)237-2727
Email: jriley@bsfllp.com

Kaitlyn M. Murphy
Boies, Schiller and Flexner LLP
1999 Harrison St.
Suite 900
Oakland, CA 94612
510-874-1108
Fax: 510-874-1460
Email: kmurphy@bsfllp.com

22nd Floor
San Francisco, CA 94111
415-875-6600
Fax: 415 875 6700
Email: joshuasohn@quinnemanuel.com

Kevin Alexander Smith
Quinn Emmanuel et al
50 California St.
22nd Floor
SF, CA 94111
415-875-6383
Fax: 4158756700
Email: kevinsmith@quinnemanuel.com

Lance L Yang
865 s. figueroa st
los angeles, ca 90017
213-443-3360
Email: lanceyang@quinnemanuel.com

Laurentia McKessar
51 Madison Ave
New York, NY 10010
212-849-7638
Email:
laurentiamckessar@quinnemanuel.com
*PRO HAC VICE*

Leo Patrick Cunningham
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
650-320-4573
Fax: 650-565-5100
Email: lcunningham@wsgr.com

Linda Jane Brewer
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065
650-801-5000
Fax: 650-801-5100
Email: lindabrewer@quinnemanuel.com

Karen Leah Dunn
Boies, Schiller and Flexner LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
202-237-2727
Fax: 202-237-6131
Email: kdunn@bsfllp.com

Kathleen R Hartnett
Boies Schiller & Flexner
435 Tasso St Suite 205
Palo Alto, CA 94301
650-798-3508
Email: khartnett@bsfllp.com

Kyle N. Smith
Boies, Schiller and Flexner LLP
1401 New York Avenue, N.W.
Washington, DC 20005
202-895-7585
Fax: 202-237-6131
Email: ksmith@bsfllp.com

Ling Choi Jackie Cheng
Morrison and Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
650-813-5680
Fax: 650-494-0792
Email: jcheng@mofo.com

Martha Lea Goodman
Boies, Schiller and Flexner LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
202-237-2727
Fax: 202-237-6131
Email: mgoodman@bsfllp.com

Matthew Robert Berry
Susman Godfrey LLP
1201 Third Ave., Ste. 3800
Seattle, WA 98101
206-373-7394
Email: mberry@susmangodfrey.com
PRO HAC VICE

Lindsay Cooper
Quinn Emanuel
50 California
San Francisco, CA 94111
415-875-6449
Email: lindsaycooper@quinnemanuel.com

Lindsey Keenan
Quinn Emanuel Urquhart and Sullivan
51 Madison Avenue
New York, NY 10010
(212) 849-7535
Email: lindseykeenan@quinnemanuel.com

Mark Yeh-Kai Tung
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065
650-801-5000
Email: marktung@quinnemanuel.com

Melissa J Baily
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Fax: (415) 875-6700
Email: melissabaily@quinnemanuel.com

Michelle W Fox
Quinn Emanuel Urquhart and Sullivan
111 Elizabeth Street
Level 15
Sydney, AU 2000
415-875-6600
Email: michellefox@quinnemanuel.com

Monica Elizabeth Tarazi
Quinn Emanuel
51 Madison Avenue, 22nd Floor
New York, NY 10010

Matthew Ian Kreeger
Morrison & Foerster LLP
425 Market Street, 32nd Floor
San Francisco, CA 94105-2482
415-268-7000
Fax: 415.268.7522
Email: mkreeger@mofo.com

Maxwell Vaughn Pritt
Boies, Schiller and Flexner LLP
1999 Harrison Street
Suite 900
Oakland, CA 94612
510-874-1012
Fax: 510-874-1460
Email: mpritt@bsfllp.com

Melissa B Felder
5301 Wisconsin Ave NW
Suite 800
Washington, DC 20015
202-237-2727
Email: mfelder@bsfllp.com

Melissa Brook Felder Zappala
1401 New York Avenue, N.W.
Washington, DC 20005
202 237-2727
Email: mzappala@bsfllp.com
PRO HAC VICE

Meredith Richardson Dearborn
Boies Schiller Flexner LLP
435 Tasso Street
Suite 205
Palo Alto, CA 94301
(650) 445-6400
Fax: (650) 329-8507
Email: mdearborn@bsfllp.com

Michael A. Brille
Boies, Schiller & Flexner LLP
5301 Wisconsin Ave NW
Washington, DC 20015
(202) 237-2727

212-849-7187
Fax: 212-849-7100
Email: monicatarazi@quinnemanuel.com
*PRO HAC VICE*

Nora Feher
Quinn Emanuel Trial Lawyers
51 Madison Ave, Floor 22
New York, NY 10010
(212) 849-7000
Email: norafeher@quinnemanuel.com
*PRO HAC VICE*

Patrick Daniel Curran
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
212-849-7000
Fax: 212-849-7100
Email: patrickcurran@quinnemanuel.com

Patrick Thomas Schmidt
Quinn Emanuel, LLP
865 S. Figueroa, St.
Los Angeles, CA 90017
213-443-3000
Email: patrickschmidt@quinnemanuel.com

Rachael Elizabeth Meny
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415-391-5400
Fax: 415-397-7188
Email: rmeny@keker.com

Rachel Elizabeth Epstein
Quinn Emanuel Urquhart and Sullivan, LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
(212) 849-7000
Fax: (212) 849-7100
Email: rachelepstein@quinnemanuel.com
*PRO HAC VICE*

Fax: (202) 237-6131
Email: mbrille@bsfllp.com

Michael A. Jacobs
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7455
Fax: (415) 268-7522
Email: mjacobs@mofo.com

Michael Darron Jay
Boies Schiller & Flexner LLP
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
310-752-2400
Fax: 310-752-2490
Email: mjay@bsfllp.com

Michelle Ching Youn Yang
Morrison Foerster LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
202-887-1537
Email: myang@mofo.com

Nicole Townsend Bartow
Uber Technologies, Inc.
1455 Market Street, 4th Floor
San Francisco, CA 94103
415 533-7652
Email: nbartow@uber.com

Patrick M. Lafferty
Boies Schiller Flexner LLP
1401 New York Ave, NW
Suite 1100
Washington, DC 20005
202-273-2727
Fax: 202-237-6131
Email: plafferty@bsfllp.com
PRO HAC VICE

Rachel Silverman Dolphin
Morrison Foerster LLP
425 Market Street

Ray R. Zado
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
650-801-5000
Fax: 650-801-5100
Email: rayzado@quinnemanuel.com

Sean Sang-Chul Pak
Quinn Emanuel Urquhart & Sullivan, LLP
50 California, Floor 22
San Francisco, CA 94111
415-875-6320
Fax: 415-875-6700
Email: seanpak@quinnemanuel.com

Serafina Concannon
Quinn Emanuel Urquhart and Sullivan, LLP
51 Madison Avenue
New York, NY 10010
212-849-7000
Email:
serafinaconcannon@quinnemanuel.com

Steven Carl Cherny
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Ave.
22nd Floor
New York, NY 10010
(212) 849-7000
Fax: (212) 849-7100
Email: stevencherny@quinnemanuel.com
*PRO HAC VICE*

Thomas Edward Gorman
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
(415)391-5400
Fax: 415-397-7188
Email: tgorman@keker.com

San Francisco, CA 94105
415-268-7263
Fax: 415-268-7522
Email: RDolphin@mofo.com

Rudolph Kim
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304
650-813-5869
Fax: 650-494-0792
Email: rudykim@mofo.com

Ryan Christopher Kirkpatrick
Susman Godfrey LLP
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
212-336-8330
Fax: 212-336-8340
Email: rkirkpatrick@susmangodfrey.com

Sarah Nicole Davis
Morrison and Foerster LLP
425 Market St
SF, CA 94105
415-268-7000
Fax: 415-268-7522
Email: SarahDavis@mofo.com

Scott Frederick Llewellyn
Morrison & Foerster LLP
370 17th Street, 52nd Floor
4200 Republic Plaza
Denver, CO 80202-5638
303-592-1500
Fax: 303-592-1510
Email: sllewellyn@mofo.com

Shawn Jonathan Rabin
Susman Godfrey L.L.P.
560 Lexington Avenue
15th Floor
New York, NY 10022-6828
(212)336-8330

Fax: (212) 336-8340
Email: srabin@susmangodfrey.com
PRO HAC VICE


Sylvia Rivera
Morrison & Foerster LLP
555 W. Fifth Street
Suite 3500
Los Angeles, CA 90013-1024
213-892-5734
Fax: 213-892-5454
Email: srivera@mofo.com


Thomas Julian Pardini
Morrison Foerster LLP
299 Fremont Street
Suite 3101
San Francisco, CA 94105
415-268-6325
Fax: 415-268-7522
Email: tpardini@mofo.com


Wendy Joy Ray
Morrison & Foerster LLP
707 Wilshire Boulevard
Suite 6000
Los Angeles, CA 90017
213.892.5200
Fax: 213.892.5454
Email: wray@mofo.com


William Christopher Carmody
Susman Godfrey LLP
1301 Avenue of the Americas
32nd Fl.
New York, NY 10019
212-336-8334
Email: bcarmody@susmangodfrey.com
PRO HAC VICE


*Counsel for Defendant Otto Trucking LLC*:      *Counsel for Defendant Ottomotto LLC*:

David Shane Brun
Goodwin Procter LLP
Three Embarcadero Center
San Francisco, CA 94111
415-733-6000
Fax: 415-677-9041
Email: sbrun@goodwinlaw.com

Arturo J. Gonzalez
(See above for address)

Brett Michael Schuman
Goodwin Procter LLP
Three Embarcadero Center
San Francisco, CA 94111
415-733-6000
Fax: 415-677-9041
Email: bschuman@goodwinlaw.com

Hayes Phillips Hyde
Goodwin Procter LLP
Three Embarcadero Center
San Francisco, CA 94111
415-733-6000
Fax: 415-677-9041
Email: hhyde@goodwinlaw.com

Hong-An Vu
Goodwin Procter LLP
601 S. Figueroa St
41St Floor
Los Angeles, CA 90017
213.426.2500
Fax: 213.623.1673
Email: hvu@goodwinlaw.com

Indra Neel Chatterjee
Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025
(650) 752-3100
Fax: (650) 853-1038
Email: NChatterjee@goodwinlaw.com

James Lin
Goodwin Procter LLP

Aaron James Bergstrom
(See above for address)

Arturo J. Gonzalez
(See above for address)

Daniel Pierre Muino
(See above for address)

Eric Akira Tate
(See above for address)

Esther Kim Chang
(See above for address)

Hamish Hume
(See above for address)

Michael A. Jacobs
(See above for address)

Rudolph Kim
(See above for address)

Angela Lucia Padilla
(See above for address)

Camila Alicia Tapernoux
(See above for address)

Edward Takashima
(See above for address)

Elizabeth Gilmore Balassone
(See above for address)

Fiona Tang
(See above for address)

Joshua Nathanial Friedman
(See above for address)

Joshua Paul Riley
(See above for address)

Kaitlyn M. Murphy

135 Commonwealth Dr.
Menlo Park, CA 94025
(650) 752-3100
Fax: (650) 853-1038
Email: JLin@goodwinlaw.com

Noah Matthew Jennings
Goodwin Procter LLP
Three Embarcadero Center
San Francisco, CA 94111
415-733-6000
Fax: 415-677-9041
Email: njennings@goodwinlaw.com

Phong T. Dinh
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001-4432
(202) 346-4444
Fax: (202) 346-4444
Email: PDinh@goodwinlaw.com
PRO HAC VICE

Rachel Melissa Walsh
Goodwin Procter LLP
Three Embarcadero Center
24th Floor
San Francisco, CA 94111
(415) 733-6000
Fax: (415) 677-9041
Email: RWalsh@goodwinlaw.com

Todd Andrew Boock
Goodwin Procter LLP
601 S. Figueroa St., 41st Floor
Los Angeles, CA 90017
(213) 426-2500
Fax: (213) 623-1673
Email: TBoock@goodwinlaw.com

Todd J. Marabella
Goodwin Procter LLP
100 Northern Ave
Boston, MA 02210
617-570-1000
Email: tmarabella@goodwinlaw.com

(See above for address)

Karen Leah Dunn
(See above for address)

Kathleen R Hartnett
(See above for address)

Ling Choi Jackie Cheng
(See above for address)

Martha Lea Goodman
(See above for address)

Maxwell Vaughn Pritt
(See above for address)

Melissa B Felder
(See above for address)

Melissa Brook Felder Zappala
(See above for address)
PRO HAC VICE

Michael A. Brille
(See above for address)

Michelle Ching Youn Yang
(See above for address)

Nicole Townsend Bartow
(See above for address)

Patrick M. Lafferty
(See above for address)

Rachel Silverman Dolphin
(See above for address)

Ryan Christopher Kirkpatrick
(See above for address)

Sarah Nicole Davis
(See above for address)

PRO HAC VICE                          Scott Frederick Llewellyn
                                      (See above for address)


                                      Sylvia Rivera
                                      (See above for address)


                                      Thomas Julian Pardini
                                      (See above for address)


                                      Wendy Joy Ray
                                      (See above for address)


                      *Miscellaneous Counsel*:

Melanie Marilyn Blunschi
Latham & Watkins LLP
505 Montgomery Street, Suite
2000
San Francisco, CA 94111
415-395-8129
Fax: 415-395-8095
Email: melanie.blunschi@lw.com

Robert Burkart Ellis
Kirkland and Ellis LLP
300 North LaSalle
Chicago, IL 60654
312-862-2309
Email: robert.ellis@kirkland.com

Kevin K Chang
555 California Street
Suite 2700
San Francisco, CA 94104
415-439-1400
Fax: 415-439-1500
Email:
kevin.chang@kirkland.com

Whitney Weber
Latham and Watkins LLP
505 Montgomery Street, Suite
2000

San Francisco, CA 94111-6538
415-391-0600
Fax: 415-395-8095
Email: whitney.weber@lw.com

Martha A Boersch
Boersch Shapiro LLP
1611 Telegraph Avenue, Ste. 806
Oakland, CA 94612
415-500-6640
Email:
mboersch@boerschshapiro.com

Melinda Haag
U.S. Attorney's Office, Northern
District of California
450 Golden Gate Avenue, 11th
Floor
San Francisco, CA 94102
415-436-6968
Fax: 415-436-7234
Email: mhaag@orrick.com

Robert Luis Uriarte
Orrick
1000 Marsh Road
Menlo Park, CA 94025
(650) 289-7105
Email: ruriarte@orrick.com

Alexei Klestoff
ZwillGen Law LLP
235 Montgomery Street
Suite 425
San Francisco, CA 94104
415 590 2335
Fax: 415 636 5965
Email: alexei@zwillgen.com
*LEAD ATTORNEY*

Benjamin Laban Singer
Singer Bea LLP
601 Montgomery Street, Suite
1950

22

San Francisco, CA 94111
(415) 500-6077
Fax: (415) 500-6080
Email: bsinger@singerbea.com
*LEAD ATTORNEY*

Walter Christian Pfeffer
Singer Bea LLP
601 Montgomery Street, Suite
1950
San Francisco, CA 94111
415-500-6080
Fax: 415-500-6080
Email: wpfeffer@singerbea.com

Carolyn Hoecker Luedtke
Munger, Tolles Olson LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
415/512-4027
Fax: 415-644-6927
Email: carolyn.luedtke@mto.com
*LEAD ATTORNEY*

Eric Akira Tate
(See above for address)

Adrian James Sawyer
Kerr & Wagstaffe LLP
100 Spear Street, Suite 1800
San Francisco, CA 94105
415-371-8500
Fax: 415-371-0500
Email:
sawyer@kerrwagstaffe.com

Rachael Elizabeth Meny
(See above for address)

David C. Brownstein
Farmer Brownstein Jaeger LLP
235 Montgomery St., Suite 835
San Francisco, CA 94104
415-962-2873
Fax: 415-520-5678

Email: dbrownstein@fbj-law.com

William S Farmer
Farmer Brownstein Jaeger LLP
235 Montgomery St.
Suite 835
San Francisco, CA 94104
415-962-2877
Fax: 415-520-5678
Email: wfarmer@fbj-law.com

John V. Picone , III
Hopkins & Carley
A Law Corporation
The Letitia Building
70 South First Street
P.O. Box 1469
San Jose, CA 95109-1469
408-286-9800
Fax: 408-998-4790
Email:
jpicone@hopkinscarley.com

Jason R. Bartlett
Mauriel Kapouytian Woods LLP
275 Battery Street, Suite 480
San Francisco, CA 94111
(415) 738-6334
Fax: (415) 738-2315
Email: jbartlett@mkwllp.com

Marc J. Pernick
Mauriel Kapouytian Woods LLP
275 Battery Street, Suite 480
San Francisco, CA 94111
415-738-7391
Fax: 415-738-2315
Email: mpernick@mkwllp.com

Anne Rebecca Fokstuen
Law Office of Anne Fokstuen
5432 Geary Boulevard
Suite 135
San Francisco, CA 94121
United Sta
415-745-0427

Email: af@annefokstuen.com

Amy E Craig
Ramsey & Ehrlich LLP
803 Hearst Ave.
Berkeley, CA 94710
(510) 548-3600
Fax: (510) 291-3060
Email: amy@ramsey-ehrlich.com

Ismail Jomo Ramsey
Ramsey & Ehrlich LLP
803 Hearst Avenue
Berkeley, CA 94710
510-548-3600
Fax: 510-291-3060
Email: izzy@ramsey-ehrlich.com

Miles F. Ehrlich
Ramsey & Ehrlich LLP
803 Hearst Avenue
Berkeley, CA 94710
510-548-3600
Fax: 510-291-3060
Email: miles@ramsey-
ehrlich.com

Jonathan Alan Patchen
Taylor & Patchen, LLP
One Ferry Building
Suite 355
San Francisco, CA 94111
415-788-8200
Fax: 415-788-8208
Email:
jpatchen@taylorpatchen.com

Steven Zansberg
Ballard Spahr LLP
1225 17th Street
Suite 2300
Denver, CO 80202-5596
303-376-2400
Fax: (303) 296-3956
Email:

zansbergs@ballardspahr.com