# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Miami Division**

**CASE NO. 1:17-mc-24560-KMW**

WAYMO, LLC,

      Plaintiff,

      v.

UBER TECHNOLOGIES, LLC,
OTTO TRUCKING, LLC,
and OTTOMOTTO, LCC,

      Defendants.

**Re: No. C 17-00939 WHA, N.D. Cal.**

## WAYMO'S OPPOSITION TO CRAIG CLARK'S EMERGENCY MOTION TO QUASH AND STAY SUBPOENA TO TESTIFY AT A DEPOSITION

Waymo seeks to depose Craig Clark, a former Uber attorney who is alleged to have implemented and directed a systemic policy at Uber to avoid leaving paper trails of discoverable information. The policy allegedly included the use of computing devices that could not be tied to Uber, "ephemeral" messages that self-delete and leave no record, and a practice of falsely labeling documents as attorney-client privileged. These allegations bear materially on Uber's primary defense in the underlying trade-secret action, and go to the heart of a special round of discovery ordered by Judge Alsup specifically to let Waymo inquire about these alleged practices.

Waymo has sued Uber for theft of trade secrets relating to self-driving car technology. Central to Waymo's allegations are that a former Waymo engineer, Anthony Levandowski, downloaded 14,000 highly-confidential design files from a secure Waymo server shortly before his departure. Uber does not dispute that Mr. Levandowski took the files, nor that

1

he copied them onto external memory devices as well as his personal computer.  Rather, Uber's defense throughout the litigation has been that Uber has searched Uber's computer systems and servers for copies of the 14,000 files, and failed to locate any of them.

Recent events have cast grave doubts on the meaningfulness of this defense narrative.  Specifically, on November 22 the United States Attorney sent a letter to United States District Court Judge William Alsup indicating that Uber conducts business on servers not controlled by Uber.  The implications of this charge in this case are clear, as expressed by Judge Alsup:

THE COURT:  I'm just going to say to you:  I would look like a fool if Uber were to fool me on this.  You told me many times there were -- none of these documents ever hit the server.

MR. GONZÁLEZ:  We stand by that.

THE COURT:  Okay.  Well, it turns out the server is only for the dummies, and that the real stuff goes on, on the shadow system.

(11/28 Hr'g Tr., filed herewith as **Exhibit 2**, at 149:13.)

Judge Alsup held a two-day evidentiary hearing on the matter, and heard enough to stay the underlying litigation specifically for an accelerated period of liberal discovery into the allegations--a number of which specifically name Mr. Clark.  Mr. Clark has previously agreed to sit for a deposition in San Francisco on December 22, yet now cites undue burden in seeking to quash the deposition subpoena in its entirety.  The Court should deny Mr. Clark's request for special treatment, and allow Waymo to proceed with the broad discovery specifically ordered by Judge Alsup.

## FACTUAL AND PROCEDURAL BACKGROUND

*Disclosure of the Richard Jacobs allegations*

On November 22, 2017, the United States Attorney for the Northern District of California sent a letter to Judge William Alsup, presiding judge over the underlying *Waymo v. Uber* litigation, disclosing that the U.S. Attorney had interviewed a former employee named Richard Jacobs. According to the letter, Mr. Jacobs told the government that Uber employees regularly used non-Uber devices (non-attributable devices) and self-deleting communications services (ephemeral communications), such that Uber could have obtained or transmitted wrongfully-obtained trade secrets on non-Uber systems, such that they would not be discovered by a review of Uber's computers. The government's letter further states that Mr. Jacobs had laid out similar allegations in a May 5 letter to Uber's counsel (the "Jacobs letter," filed herewith as **Exhibit 1**).

The Court then conducted a two-day evidentiary hearing, allowing counsel for both Uber and Waymo to question Mr. Jacobs and four other witnesses about the Jacobs letter and related subjects. After this hearing, Judge Alsup continued the trial, and ordered a round of accelerated and liberal discovery for Waymo, to be completed by December 22. (11/29 Hr'g Tr., filed herewith as **Exhibit 3**, At 159:4-13). The discovery was to focus on the subject matter of the Jacobs letter, such as Uber's use of non-attributable devices, ephemeral communications, and discovery obstruction. (*Id.; see also* Ex. 2, 11/28 Hr'g Tr. at 149:19-23 ["[T]he Government has enough faith in it to have provided it. I would just be wrong, it would be unfair not to give them a chance to follow up on this and see if there is anything there."].) The court then referred discovery to previously-appointed Special Master John Cooper, instructing Mr. Cooper: "I want to be liberal in giving these folks at the Waymo table the discovery -- err on the side of discovery." (Ex. 3, 11/29 Hr'g Tr. at 159:4-8.) In a subsequent meet-and-confer phone call, the Special Master stated that Waymo is entitled to seven hours for each deposition taken during this round of discovery.

*Involvement of Craig Clark*

Judge Alsup's order granting supplementing discovery makes clear that the court is interested in subjects directly concerning Mr. Clark.  In the order, which grants discovery so that Waymo can "get to the bottom of new evidence that has come to light as a result of the letter dated November 22, 2017 from the Office of the United States Attorney," Judge Alsup stated specifically that Waymo take discovery into at least the following topics:  Uber's use of non-attributable devices and ephemeral communications and Uber's "systemic attempts to avoid creating a paper trail and to conceal facts under contrived claims of attorney-client and other privileges."  (Ex. 4 at 1-2.)  The Jacobs letter specifically alleges that Mr. Clark knew of, and even instructed Uber employees, on precisely those practices.  For example:

- Page 5:  "**Craig Clark**, Uber's Legal Director for ThreatOps, and Mat Henley, Uber's Director of Threat Operations (ThreatOps), led Uber's efforts to evade current and future discovery requests, court orders, and government investigations in violation of state and federal law as well as ethical rules governing the legal profession. **Clark** devised training and provided advice intended to impede, obstruct, or influence the investigation of several ongoing lawsuits against Uber and in relation to or contemplation of further matters within the jurisdiction of the United States."

- Page 5-6:  "Jacobs advocated for a secure and encrypted centralized database to ensure confidentiality and recordkeeping but provide access to intelligence for ThreatOps personnel. He presented a draft proposal to managers Henley and **Clark**. However, discussions broke down immediately because they objected to preserving any intelligence that would make preservation and legal discovery a simple process for future litigants. **Clark** emphasized that this was "exactly what we don't want to do . . . create [a paper trail] that could later be discoverable." **Clark** noted the errors of past collections where Uber was forced to turn over documents.  He alluded to the lessons learned from the "Ergo Investigation" and noted that encryption alone was not enough to avoid discovery.[1]

---

[1]   The "Ergo Investigation" likely refers to Uber's use of a firm called Ergo to investigate a plaintiff and counsel who had brought suit against Uber.  United States District Court Judge Jed Rakoff called Ergo's actions "blatantly fraudulent and arguably criminal," and chastised Uber as well:  "It is a sad day when, in response to the filing of a commercial lawsuit, a corporate defendant feels compelled to hire unlicensed private investigators to conduct secret personal background investigations of both the plaintiff and his counsel."  Mr. Clark gave a presentation at Uber, called

- Page 6: "**Clark** and Henley helped implement and directed the almost-exclusive use of ephemeral and encrypted communications software, including WickrMe (and later Wickr SCIF), to communicate sensitive information within ThreatOps…. Henley and **Clark** implemented this program of ephemeral and encrypted communications for the express purpose of destroying evidence of illegal or unethical practices to avoid discovery in actual or potential litigation."

- Page 7: "Further, **Clark** and Henley directly instructed Jacobs to conceal documents in violation of Sarbanes-Oxley by attempting to "shroud" them with attorney-client privilege or work product protections. **Clark** taught the ThreatOps team that if they marked communications as "draft," asked for a legal opinion at the beginning of an email, and simply wrote "attorney-client privilege" on documents, they would be immune from discovery."

- Page 8: "**Clark** developed training on how to use attorney-client privilege to further conceal activities described in any non-ephemeral communication channel. Specifically, he developed a training using innocuous legal examples and the "lawyer dog" meme to produce a slide deck that taught the ThreatOps team how to utilize attorney-client privilege to impede discovery. While the presentation slides themselves did not depict or explain any unethical or illegal practices involving attorney-client privilege, Plaintiff observed **Clark's** presentation first-hand. During the presentation, **Clark** verbally coached the participants on how to use attorney-client privilege to ensure sensitive intelligence collection activities would not surface in litigation."

At an evidentiary hearing on November 28, Mr. Jacobs stood by his statements concerning Mr. Clark. When asked whether Mr. Clark provided training or advice to impede or obstruct litigation, Mr. Jacobs testified: "I would say more generally the purpose was to impede, obstruct or influence the investigation of any lawsuit against Uber." (Ex. 2, 11/28 Hr'g Tr. at 46:12-47:10.) Mr. Jacobs further testified that Mr. Clark "described the need to protect sensitive information and to ensure that we didn't create a paper trail that could come back to haunt the company in any potential criminal or civil litigation" (*id.* at 48:4-24) and that Mr. Clark had knowledge of Uber's program of using non-attributable devices (*id.* at 51:24-52:16). When asked

---

"Legal Overview," which contains screenshots of articles about the Ergo matter, such as one at https://theintercept.com/2016/07/29/federal-judge-rips-uber-apart-over-dirt-digging-investigation/.

squarely whether Mr. Jacobs stood by the statement in the Jacobs letter that Clark "implemented a sophisticated strategy to destroy, conceal, cover up and falsify records or documents with the intent to impede or obstruct Government investigations as well as discovery obligations in pending and future litigation," Mr. Jacobs testified: "Yes." Finally, Mr. Jacobs affirmed that Mr. Clark was principally involved in Uber's use of ephemeral communications. (*Id.* at 105:25-106:8.)

***Waymo's efforts to locate and serve Mr. Clark***

Waymo informed Uber on November 30, the day after the evidentiary hearing and a day before Judge Alsup issued his order granting supplemental discovery, that it intended to depose Mr. Clark. Waymo also asked Uber to supply contact information for any witnesses not represented by Uber's counsel. On December 1 Uber indicated that Clark had retained counsel and provided Mr. Howitson's name to Waymo a few days later. Uber did not provide contact information for Mr. Clark until December 8, after the Special Master ordered Uber to do so after Uber's repeated stonewalling in response to requests from Waymo.

Beginning on December 5, Waymo has spoken with Mr. Clark's counsel concerning Mr. Clark's deposition. Initially, Waymo attempted to schedule a deposition with Mr. Clark through informal channels. Namely, Waymo attorney David Eiseman engaged in discussions with Mr. Clark's attorney, Mark Howitson. During a phone call on December 5, 2017, Mr. Howitson indicated to Mr. Eiseman that Mr. Clark was unwilling to schedule a deposition until Uber agreed to indemnify him. On December 6, Howitson and Eiseman spoke again. Mr. Eiseman inquired whether Mr. Howitson would accept a subpoena on Mr. Clark's behalf, and Mr. Howitson refused. Given Mr. Clark's evasive posture, and the tight discovery deadline imposed by Judge Alsup, Waymo decided it could not wait for Uber to make a decision on indemnification. Accordingly, Waymo decided to serve Mr. Clark with the subpoena

personally.  Mr. Howitson refused to provide contact information for Mr. Clark, forcing Waymo to conduct its own search for Clark's home address.  During its investigation, Waymo uncovered three different addresses:  (1) in San Francisco, CA, (2) in South Lake Tahoe, CA, and (3) in Boca Raton, FL.  Waymo attempted service at all three addresses on multiple occasions. The Boca Raton subpoena is the subject of this motion.

When Waymo forwarded the Boca Raton subpoena to its process server on December 8, 2017, it mistakenly included a San Francisco address as the deposition's location.  Waymo realized this error and sent its process server an updated version of the subpoena on December 13, 2017.  This revised subpoena sought deposition testimony in Miami, FL, well within the 100 mile limit imposed by the Federal Rules. (*See* Subpoena, filed herewith as Exhibit 5.)  Waymo also forwarded the corrected version to Mr. Howitson on December 13, but Howitson still refused to accept service.  (Exs. 4, 5.)  On December 14, the Florida process mistakenly served Mr. Clark with the old subpoena instead of the revised version.

## ARGUMENT

Under Federal Rule of Civil Procedure 45, a court may quash or modify a subpoena if it "(1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden."  *TIC Park Ctr. 9, LLC v. Cabot*, No. 16-24569-CIV, 2017 WL 3099317, at *3 (S.D. Fla. Apr. 12, 2017) (citation and internal quotation marks omitted).  The person seeking to quash the subpoena "must meet a heavy burden" to do so.  *Id.* (citation and internal quotation marks omitted).  Mr. Clark's motion, which complains vaguely about the subpoena's quick turnaround time and the burden of cross-country travel, fails to meet this heavy burden, particularly given Mr. Clark's central involvement in the subject matter of the court-ordered discovery.

***The subpoena does not require Mr. Clark to travel more than 100 miles***

After initially crafting a subpoena calling for deposition testimony in California, Waymo realized its mistake and noticed the deposition for Miami.  (Ex. 5.)  Waymo sent the corrected subpoena to Mr. Clark's counsel, but due to a mistake by the process server, served the incorrect subpoena on Mr. Clark.  At any rate, Waymo is willing to depose Mr. Clark either in Miami or in San Francisco, mooting this complaint.

***The subpoena does not impose an undue burden on Mr. Clark***

Mr. Clark's motion fails to pass the straight-face test, much less meet the "heavy burden" required by a movant seeking to quash a subpoena.  As set forth in Mr. Clark's motion, Mr. Clark has already agreed to sit for a 4-hour deposition in San Francisco, provided that Waymo pay travel expenses and produce to Mr. Clark all documents about which Waymo intends to question Mr. Clark.  Waymo agrees to pay the travel expenses of Mr. Clark and his attorney.  In the alternative, Waymo would also be agreeable to the deposition taking place in Miami.[1]  The only live issues, then, are (i) the length of the deposition and (ii) advance provision of documents.

As to deposition length, as noted above, the Special Master under a charter from the district court stated that Waymo is entitled to seven hours for all depositions during this round of discovery.  It would be particularly improper to give Mr. Clark special treatment Mr. Clark's key role at Uber during the applicable timeframe and the plethora of specific statements concerning Mr. Clark specifically.

As to advanced document production, courts have previously rejected requests for advance notice of documents.  *In re: Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2011 WL 13074295, at *1-2 (D. Kan. Dec. 22, 2011) (noting that "counsel is not typically required to provide

---

[1] Waymo is also agreeable to the deposition being held on December 22, 2017.

advance notice of documents they intend to show a witness during a deposition.").    Mr. Jacobs advances no reason why he should receive special advanced notice of the documents Waymo intends to use at his deposition.  First, Waymo's choice of documents is protected work product, an issue that Mr. Jacobs does not even address.  Also, Mr. Clark supplies no case law in support of his unorthodox request for advance notice of deposition documents.  In short, the request is a nonstarter.  As Mr. Clark well knows, Waymo intends to ask Mr. Clark about his past patterns and practices at Uber, including the claims made by Mr. Jacobs.  Thus contrary to any implication in his motion, Mr. Clark is generally aware of the subject matter of his deposition, and needs not review documents in advance to prepare to testify about his personal knowledge of the alleged patterns and practices.

### Waymo has given Mr. Clark a reasonable time for compliance

Whether a subpoena is reasonable "must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation."  *TIC Park Ctr. 9, LLC v. Cabot*, No. 16-24569-CIV, 2017 WL 3099317, at *2 (S.D. Fla. Apr. 12, 2017) (internal citation and quotation marks omitted).  Reasonableness also hinges upon "the other underlying circumstances of the particular case."  9A Fed. Prac. & Proc. Civ. § 2463.1 (3d ed.)  Here, Waymo needs Mr. Clark's testimony on, among other topics, the specific statements in the Jacobs letter charging Mr. Clark with direct knowledge and responsibility for the issues at the heart of Judge Alsup's order granting supplemental discovery:  non-attributable devices, ephemeral communications, and systemic efforts to avoid creating paper trails and contrived claims of privilege.  The timeframe is accelerated per order of Judge Alsup, who found the Jacobs letter important enough to, on the eve of trial, order a two-month continuance specifically to take depositions like those of Mr. Clark.

Since Judge Alsup's order granting additional discovery, Waymo has diligently sought to contact Mr. Clark, who is no longer with Uber.  As described above, Waymo notified Uber of its intent to depose Mr. Clark on November 30 and contacted Mr. Clark's attorney on December 5.  Mr. Clark, who has already agreed to sit for a deposition on December 22, cites to no case for the notion that 17 days is unreasonably short notice, particularly given that the court-ordered discovery window was only 21 days.  Under the circumstances, Waymo's notice was timely, and Mr. Clark's time to respond and prepare ample.  *See Parrot, Inc. v. Nicestuff Distrib. Int'l, Inc.,* No. 06-61231-DIMITROULEA, 2009 WL 197979, at *4 (S.D. Fla. Jan. 26, 2009) (11-day written notice was reasonable, even though service occurred four days before deposition); *Subair Sys., LLC v. Precisionaire Systems, Inc.*, No. 08-cv-60570, 2008 WL 1914876, at *2 n. 4 (S.D. Fla. Apr. 26, 2008) (ten days notice reasonable under FRCP 45).

**The subpoena does not require disclosure of privileged or protected matter**

Waymo intends to depose Mr. Clark on his knowledge of and involvement with certain practices at Uber, including relating to the use of non-attributable devices, ephemeral communications, and use of contrived privilege to improperly shield documents from discovery.  Much of this information is simply factual subject matter, and not privileged.  And to the extent that Mr. Clark advised Uber on fraudulent practices, no privilege attaches.  *United States v. Zolin*, 491 U.S. 554, 562-633 (1989).

While some of Waymo's questions may call for information protected by a privilege held by Uber, Uber has not moved to quash the subpoena.  Mr. Clark's concern of making "inadvertent disclosure" of privileged information (Mot. at 7) is baseless.  Mr. Clark is an attorney.  Mr. Clark has obtained representation.  And counsel for Uber will also attend the deposition and be ready to object to any improper disclosure of any material covered by a privilege controlled by Uber.  Thus,

Mr. Clark will, as in any deposition, provide information that is not covered by privilege, and refuse to provide information that is privileged.  Waymo asks for nothing more.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Mr. Clark's motion to quash and order Mr. Clark to provide seven hours of deposition testimony.  A proposed order denying the motion is appended hereto for the Court's convenience.  *See* Proposed Order, filed herewith as **Exhibit 6**.

Dated:  December 19, 2017       Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  */s/ Charles K. Verhoeven*
         Charles K. Verhoeven (CA Bar No. 170151)
         charlesverhoeven@quinnemanuel.com
         David A. Perlson (CA Bar No. 209502)
         davidperlson@quinnemanuel.com
         Melissa Baily (CA Bar No. 237649)
         melissabaily@quinnemanuel.com
         John Neukom (CA Bar No. 275887)
         johnneukom@quinnemanuel.com
         Jordan Jaffe (CA Bar No. 254886)
         jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Lance A. Harke, P.A.
Florida Bar No. 863599
lharke@harkeclasby.com
Sarah Clasby Engel, P.A.
Florida Bar No. 991030
sengelz@harkeclasby.com
Harke Clasby & Bushman LLP
9699 NE Second Avenue
Miami Shores, FL 33138
Tel: 305-536-8220
Fax: 305-536-8229

*Counsel for Plaintiffs*

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that on this 19th day of December, 2017, I electronically

filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify

that the foregoing document is being served this day on counsel for non-party Craig Clark,

Ryan     Stumphauzer,     rstumphauzer@sslawyers.com,    and    Jorge    Santiago,

jperezsantiago@sslawyers.com, and all counsel of record in the matter of *Waymo v. Uber*

*et al.*, Case No. C 17-00939 WHA, as identified below, via email.

s/ Lance A. Harke

SERVICE LIST

**Counsel for Plaintiff Waymo, LLC:**

Amy H Candido
Quinn Emanuel et al LLP
50 California St 22FL
San Francisco, CA 94111-4624
415-875-6600
Email: amycandido@quinnemanuel.com

Charles Kramer Verhoeven
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600  Fax: (415) 875-6700  Email: charlesverhoeven@quinnemanuel.com

Yury Kapgan
Quinn Emanuel
865 S Figueroa St 10th Floor
Los Angeles, CA 90017
213-443-3000
Fax: 213-443-3100
Email: yurykapgan@quinnemanuel.com

Andrea Pallios Roberts
Quinn Emanuel Urquhart Oliver & Hedges
LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6600
Fax: 415-875-6700
Email: andreaproberts@quinnemanuel.com

Andrew Michael Holmes
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street
22nd Floor
San Francisco, CA 94111

415-875-6600
Fax: 415-875-6700
Email: drewholmes@quinnemanuel.com

**Counsel for Defendant Uber Technologies, LLC:**
Aaron James Bergstrom  Uber Technologies, Inc.
1455 Market Street
4th Floor
San Francisco, CA 94103
4155337652
Email: abergstrom@uber.com

Arturo J. Gonzalez
Morrison & Foerster LLP  425 Market Street
San Francisco, CA 94105
(415) 268-7020
Email: agonzalez@mofo.com

Angela Lucia Padilla  VMware, Inc.
3401 Hillview Avenue
Palo Alto, CA 94304
650-427-5000
Fax: 650-475-5101
Email: angela.padilla@uber.com

Camila Alicia Tapernoux
Morrison and Foerester
425 Market Street
32nd Floor
San Francisco, CA 94105
415-268-6273
Fax: 415-268-7522
Email: CTapernoux@mofo.com

Cory Buland
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
(212) 336-8330
Email: cbuland@susmangodfrey.com
PRO HAC VICE

Daniel Pierre Muino
Morrison & Foerster LLP

Andrew Peter Marks

14

Quinn Emanuel Urquhart and Sullivan, LLP  51 Madison Ave.
22nd Fl.
New York, NY 10010
212-849-7000
Fax: 212-849-7100
Email: andrewmarks@quinnemanuel.com
*PRO HAC VICE*

Brian E Mack
Quinn Emanuel Urquhart and Sullivan LLP
50 California Street 22nd Floor
San Francisco, CA 94111
415-875-6600
Email: brianmack@quinnemanuel.com

Carl Gunnar Anderson
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6600
Fax: 415-875-6700
Email: carlanderson@quinnemanuel.com

David Michael Cooper
Quinn Emanuel Urquhart Sullivan LLP
51 Madison Ave, 22nd Floor
New York, NY 10010
212-849-7000
Email: davidcooper@quinnemanuel.com
*PRO HAC VICE*

David Eiseman , IV
Quinn Emanuel Urquhart & Sullivan
50 California Street
22nd Floor
San Francisco, CA 94111
415-875-6600
Fax: 415-875-6700
Email: davideiseman@quinnemanuel.com

David Andrew Perlson
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
425 Market Street
San Francisco, CA 94105-2482

415-268-7475
Email: dmuino@mofo.com

Edward Takashima
Boies, Schiller, and Flexner LLP
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
310-752-2400
Fax: 310-752-2490
Email: etakashima@bsfllp.com

Elizabeth Gilmore Balassone
Morrison and Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
415-268-7000
Fax: 415-268-7522
Email: EBalassone@mofo.com

Eric Akira Tate
Morrison & Foerster LLP  425 Market Street
San Francisco, CA 94105
415-268-6915
Fax: 415-268-7522
Email: etate@mofo.com

Esther Kim Chang
Morrison & Foerster LLP  425 Market Street
San Francisco, CA 94105
(415) 268-7000
Fax: (415) 268-7522
Email: EChang@mofo.com

Fiona Tang
Boies, Schiller and Flexner LLP
1999 Harrison Street
Suite 900
Oakland, CA 94612
510-874-1000
Fax: 510-874-1460
Email: ftang@BSFLLP.com

San Francisco, CA 94111
415-875-6600
Fax: 415-875-6700

Email: davidperlson@quinnemanuel.com

Felipe Corredor
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6600
Fax: 415-875-6700
Email: felipecorredor@quinnemanuel.com

James E. Baker
Quinn Emanuel
51 Madison Avenue
New York, NY 10010
(212) 849-7114
Email: jamesbaker@quinnemanuel.com
*PRO HAC VICE*

James Dubois Judah
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Fax: (415) 875-6700
Email: jamesjudah@quinnemanuel.com

Jared Weston Newton
1299 Pennsylvania Ave NW
Suite 825
Washington, DC 20004
202-538-8108
Email: jarednewton@quinnemanuel.com

Jeffrey John Miles
Quinn Emanuel Urquhart Sullivan LLP
50 California Street
22nd Floor
San Francisco, CA 94111
415-875-6700
Fax: 415-875-6700
Email: jeffmiles@quinnemanuel.com

Jeffrey William Nardinelli
Genevieve Vose Wallace
Susman Godfrey LLP

17

1201 Third Avenue
Suite 3800
Seattle, WA 98101  206-516-3836
Fax: 206-516-3883
Email: gwallace@susmangodfrey.com
PRO HAC VICE


Halley W. Josephs  Susman Godfrey L.L.P.
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
212-336-8330
Fax: 212-336-8340
Email: hjosephs@susmangodfrey.com
PRO HAC VICE

Hamish Hume
Boies Schiller Flexner
1401 New York Ave., NW
Washington, DC 20005
202-237-2727
Fax: 202-237-6131
Email: hhume@bsfllp.com

Ian M. Gore  Susman Godfrey L.L.P.
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
United Sta
(212) 471-8348
Fax: (212) 336-8340
Email: IGore@SusmanGodfrey.com
PRO HAC VICE

Jessica E Phillips
Boies Schiller Flexner LLP
1401 New York Avenue, NW
11th Floor
Washington, DC 20005
202-895-7592
Email: jphillips@bsfllp.com
Quinn Emanuel Urquhart and Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

415-875-6600
Fax: 415-875-6700
Email: jeffnardinelli@quinnemanuel.com

John William McCauley , IV
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street
22nd Floor
San Francisco, CA 94111
475-875-6600
Fax: 415-875-6700
Email: johnmccauley@quinnemanuel.com

John M. Neukom
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Fax: (415) 875-6700
Email: johnneukom@quinnemanuel.com

Jonathan S.M. Francis
Quinn Emanuel Urquhart and Sullivan, LLP
San Francisco Office
50 California Street, 22nd Floor
San Francisco, CA 94111
(415)875-6600
Fax: (415)875-6700
Email: jonathanfrancis@quinnemanuel.com

 Jordan Ross Jaffe
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Fax: (415) 875-6700
Email: jordanjaffe@quinnemanuel.com

Joshua Lee Sohn
Quinn Emmanuel Urqhart Oliver Hedges
50 California Street

John Pierre Lahad
Susman Godfrey LLP

1000 Louisiana, Suite 5100
Houston, TX 77002
713-653-7859
Fax: 713-654-6666
Email: jlahad@susmangodfrey.com
PRO HAC VICE


Joseph S. Grinstein
Susman Godfrey LLP
1000 Louisiana Street
Suite 5100
Houston, TX 77002-5096
713-651-9366
Fax: 713-654-3354
Email: jgrinstein@susmangodfrey.com
PRO HAC VICE

Joshua Nathanial Friedman
Boies Schiller Flexner
1401 New York Avenue NW
Washington, DC 20005
202-237-2727
Fax: 202-237-6131
Email: jfriedman@bsfllp.com
PRO HAC VICE

Joshua Paul Riley  Boies Schiller Flexner LLP  1401 New York Ave N.W.
SUITE 1100
Washington, DC 20005
(202)237-2727
Email: jriley@bsfllp.com

Kaitlyn M. Murphy
Boies, Schiller and Flexner LLP  1999 Harrison St.
Suite 900
Oakland, CA 94612
510-874-1108
Fax: 510-874-1460
Email: kmurphy@bsfllp.com

22nd Floor
San Francisco, CA 94111
415-875-6600
Fax: 415 875 6700

Email: joshuasohn@quinnemanuel.com

Kevin Alexander Smith  Quinn Emmanuel et al  50 California St.
22nd Floor
SF, CA 94111
415-875-6383
Fax: 4158756700
Email: kevinsmith@quinnemanuel.com

Lance L Yang  865 s. figueroa st  los angeles, ca 90017
213-443-3360
Email: lanceyang@quinnemanuel.com

Laurentia McKessar
51 Madison Ave
New York, NY 10010  212-849-7638  Email: laurentiamckessar@quinnemanuel.com
*PRO HAC VICE*

 Leo Patrick Cunningham
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
650-320-4573
Fax: 650-565-5100
Email: lcunningham@wsgr.com

Linda Jane Brewer
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065
650-801-5000
Fax: 650-801-5100
Email: lindabrewer@quinnemanuel.com  Karen Leah Dunn
Boies, Schiller and Flexner LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
202-237-2727
Fax: 202-237-6131
Email: kdunn@bsfllp.com

Kathleen R Hartnett
Boies Schiller & Flexner
435 Tasso St Suite 205
Palo Alto, CA 94301

650-798-3508
Email: khartnett@bsfllp.com

Kyle N. Smith  Boies, Schiller and Flexner LLP  1401 New York Avenue, N.W.
Washington, DC 20005
202-895-7585
Fax: 202-237-6131
Email: ksmith@bsfllp.com
 Ling Choi Jackie Cheng
Morrison and Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
650-813-5680
Fax: 650-494-0792
Email: jcheng@mofo.com

Martha Lea Goodman
Boies, Schiller and Flexner LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
202-237-2727
Fax: 202-237-6131
Email: mgoodman@bsfllp.com

Matthew Robert Berry
Susman Godfrey LLP
1201 Third Ave., Ste. 3800
Seattle, WA 98101
206-373-7394
Email: mberry@susmangodfrey.com
PRO HAC VICE

Lindsay Cooper
Quinn Emanuel
50 California
San Francisco, CA 94111
415-875-6449
Email: lindsaycooper@quinnemanuel.com

Lindsey Keenan
Quinn Emanuel Urquhart and Sullivan
51 Madison Avenue
New York, NY 10010
(212) 849-7535
Email: lindseykeenan@quinnemanuel.com

 Mark Yeh-Kai Tung
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065
650-801-5000
Email: marktung@quinnemanuel.com


Melissa J Baily
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Fax: (415) 875-6700
Email: melissabaily@quinnemanuel.com

Michelle W Fox
Quinn Emanuel Urquhart and Sullivan
111 Elizabeth Street
Level 15
Sydney, AU 2000
415-875-6600
Email: michellefox@quinnemanuel.com

Monica Elizabeth Tarazi
Quinn Emanuel
51 Madison Avenue, 22nd Floor
New York, NY 10010

Matthew Ian Kreeger
Morrison & Foerster LLP
425 Market Street, 32nd Floor
San Francisco, CA 94105-2482
415-268-7000
Fax: 415.268.7522
Email: mkreeger@mofo.com

Maxwell Vaughn Pritt
Boies, Schiller and Flexner LLP
1999 Harrison Street
Suite 900
Oakland, CA 94612
510-874-1012

Fax: 510-874-1460
Email: mpritt@bsfllp.com

Melissa B Felder
5301 Wisconsin Ave NW
Suite 800
Washington, DC 20015
202-237-2727
Email: mfelder@bsfllp.com

Melissa Brook Felder Zappala  1401 New York Avenue, N.W.
Washington, DC 20005
202 237-2727
Email: mzappala@bsfllp.com
PRO HAC VICE

Meredith Richardson Dearborn
Boies Schiller Flexner LLP
435 Tasso Street
Suite 205
Palo Alto, CA 94301
(650) 445-6400
Fax: (650) 329-8507
Email: mdearborn@bsfllp.com

Michael A. Brille
Boies, Schiller & Flexner LLP
5301 Wisconsin Ave NW
Washington, DC 20015
(202) 237-2727
212-849-7187
Fax: 212-849-7100
Email: monicatarazi@quinnemanuel.com
*PRO HAC VICE*

Nora Feher
Quinn Emanuel Trial Lawyers
51 Madison Ave, Floor 22
New York, NY 10010
(212) 849-7000
Email: norafeher@quinnemanuel.com
*PRO HAC VICE*

Patrick Daniel Curran
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue
22nd Floor
New York, NY 10010
212-849-7000
Fax: 212-849-7100
Email: patrickcurran@quinnemanuel.com

Patrick Thomas Schmidt
Quinn Emanuel, LLP  865 S. Figueroa, St.
Los Angeles, CA 90017
213-443-3000
Email: patrickschmidt@quinnemanuel.com

Rachael Elizabeth Meny
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415-391-5400
Fax: 415-397-7188
Email: rmeny@keker.com

Rachel Elizabeth Epstein
Quinn Emanuel Urquhart and Sullivan, LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
(212) 849-7000
Fax: (212) 849-7100
Email: rachelepstein@quinnemanuel.com
*PRO HAC VICE*
Fax: (202) 237-6131
Email: mbrille@bsfllp.com

Michael A. Jacobs
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7455
Fax: (415) 268-7522
Email: mjacobs@mofo.com

Michael Darron Jay
Boies Schiller & Flexner LLP
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401

310-752-2400
Fax: 310-752-2490
Email: mjay@bsfllp.com

Michelle Ching Youn Yang
Morrison Foerster LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
202-887-1537
Email: myang@mofo.com

Nicole Townsend Bartow  Uber Technologies, Inc.
1455 Market Street, 4th Floor
San Francisco, CA 94103
415 533-7652
Email: nbartow@uber.com

Patrick M. Lafferty
Boies Schiller Flexner LLP
1401 New York Ave, NW
Suite 1100
Washington, DC 20005
202-273-2727
Fax: 202-237-6131
Email: plafferty@bsfllp.com
PRO HAC VICE

Rachel Silverman Dolphin
Morrison Foerster LLP
425 Market Street

Ray R. Zado
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
650-801-5000
Fax: 650-801-5100
Email: rayzado@quinnemanuel.com

Sean Sang-Chul Pak
Quinn Emanuel Urquhart & Sullivan, LLP
50 California, Floor 22
San Francisco, CA 94111
415-875-6320
Fax: 415-875-6700

Email: seanpak@quinnemanuel.com

Serafina Concannon
Quinn Emanuel Urquhart and Sullivan, LLP
51 Madison Avenue
New York, NY 10010  212-849-7000  Email: serafinaconcannon@quinnemanuel.com

Steven Carl Cherny
Quinn Emanuel Urquhart & Sullivan, LLP  51 Madison Ave.
22nd Floor
New York, NY 10010
(212) 849-7000
Fax: (212) 849-7100
Email: stevencherny@quinnemanuel.com
*PRO HAC VICE*

Thomas Edward Gorman
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
(415)391-5400
Fax: 415-397-7188
Email: tgorman@keker.com

San Francisco, CA 94105
415-268-7263
Fax: 415-268-7522
Email: RDolphin@mofo.com

Rudolph Kim
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304
650-813-5869
Fax: 650-494-0792
Email: rudykim@mofo.com

Ryan Christopher Kirkpatrick  Susman Godfrey LLP
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
212-336-8330
Fax: 212-336-8340
Email: rkirkpatrick@susmangodfrey.com

Sarah Nicole Davis
Morrison and Foerster LLP
425 Market St  SF, CA 94105
415-268-7000
Fax: 415-268-7522
Email: SarahDavis@mofo.com

Scott Frederick Llewellyn
Morrison & Foerster LLP
370 17th Street, 52nd Floor
4200 Republic Plaza
Denver, CO 80202-5638
303-592-1500
Fax: 303-592-1510
Email: sllewellyn@mofo.com

 Shawn Jonathan Rabin  Susman Godfrey L.L.P.
560 Lexington Avenue
15th Floor
New York, NY 10022-6828
(212)336-8330
Fax: (212) 336-8340
Email: srabin@susmangodfrey.com
PRO HAC VICE

Sylvia Rivera
Morrison & Foerster LLP
555 W. Fifth Street
Suite 3500
Los Angeles, CA 90013-1024
213-892-5734
Fax: 213-892-5454
Email: srivera@mofo.com

Thomas Julian Pardini
Morrison Foerster LLP
299 Fremont Street  Suite 3101
San Francisco, CA 94105
415-268-6325
Fax: 415-268-7522
Email: tpardini@mofo.com

Wendy Joy Ray

Morrison & Foerster LLP
707 Wilshire Boulevard
Suite 6000
Los Angeles, CA 90017
213.892.5200
Fax: 213.892.5454
Email: wray@mofo.com

William Christopher Carmody
Susman Godfrey LLP  1301 Avenue of the Americas  32nd Fl.
New York, NY 10019
212-336-8334
Email: bcarmody@susmangodfrey.com
PRO HAC VICE

*Counsel for Defendant Otto Trucking LLC*:

David Shane Brun
Goodwin Procter LLP
Three Embarcadero Center
San Francisco, CA 94111
415-733-6000
Fax: 415-677-9041
Email: sbrun@goodwinlaw.com

Arturo J. Gonzalez
(See above for address)

Brett Michael Schuman
Goodwin Procter LLP
Three Embarcadero Center
San Francisco, CA 94111
415-733-6000
Fax: 415-677-9041
Email: bschuman@goodwinlaw.com

Hayes Phillips Hyde
Goodwin Procter LLP
Three Embarcadero Center
San Francisco, CA 94111
415-733-6000
Fax: 415-677-9041
Email: hhyde@goodwinlaw.com

*Counsel for Defendant Ottomotto LLC*:

Hong-An Vu
Goodwin Procter LLP
601 S. Figueroa St
41St Floor
Los Angeles, CA 90017
213.426.2500
Fax: 213.623.1673
Email:
hvu@goodwinlaw.com

Indra Neel Chatterjee
Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, CA 94025
(650) 752-3100
Fax: (650) 853-1038
Email:
NChatterjee@goodwinlaw.com

James Lin
Goodwin Procter LLP
Aaron James Bergstrom
(See above for address)

Arturo J. Gonzalez
(See above for address)

Daniel Pierre Muino
(See above for address)

Eric Akira Tate
(See above for address)

Esther Kim Chang
(See above for address)

Hamish Hume
(See above for address)

Michael A. Jacobs
(See above for address)

Rudolph Kim
(See above for address)

Angela Lucia Padilla
(See above for address)

Camila Alicia Tapernoux
(See above for address)

Edward Takashima
(See above for address)

Elizabeth Gilmore Balassone
(See above for address)

Fiona Tang
(See above for address)

Joshua Nathanial Friedman
(See above for address)

Joshua Paul Riley
(See above for address)

Kaitlyn M. Murphy
135 Commonwealth Dr.
Menlo Park, CA 94025
(650) 752-3100

Fax: (650) 853-1038
Email:
JLin@goodwinlaw.com

Noah Matthew Jennings
Goodwin Procter LLP
Three Embarcadero Center
San Francisco, CA 94111
415-733-6000
Fax: 415-677-9041
Email:
njennings@goodwinlaw.com

Phong T. Dinh
Goodwin Procter
LLP  901 New York
Avenue, N.W.
Washington, DC 20001-4432
(202) 346-4444
Fax: (202) 346-4444
Email:
PDinh@goodwinlaw.com
PRO HAC VICE

Rachel Melissa Walsh
Goodwin Procter LLP
Three Embarcadero Center
24th Floor
San Francisco, CA 94111
(415) 733-6000
Fax: (415) 677-9041
Email:
RWalsh@goodwinlaw.com

Todd Andrew Boock
Goodwin Procter LLP
601 S. Figueroa St., 41st
Floor
Los Angeles, CA 90017
(213) 426-2500
Fax: (213) 623-1673
Email:
TBoock@goodwinlaw.com

Todd J. Marabella

Goodwin Procter LLP
100 Northern Ave
Boston, MA 02210
617-570-1000
Email: tmarabella@goodwinlaw.com
(See above for address)

Karen Leah Dunn
(See above for address)

Kathleen R Hartnett
(See above for address)

Ling Choi Jackie Cheng
(See above for address)

Martha Lea Goodman
(See above for address)

Maxwell Vaughn Pritt
(See above for address)

Melissa B Felder
(See above for address)

Melissa Brook Felder Zappala
(See above for address)
PRO HAC VICE

Michael A. Brille
(See above for address)

Michelle Ching Youn Yang
(See above for address)

Nicole Townsend Bartow
(See above for address)

Patrick M. Lafferty
(See above for address)

Rachel Silverman Dolphin
(See above for address)

Ryan Christopher Kirkpatrick
(See above for address)

Sarah Nicole Davis
(See above for address)

PRO HAC VICE

Scott Frederick Llewellyn
(See above for address)


Sylvia Rivera
(See above for address)


Thomas Julian Pardini
(See above for address)


Wendy Joy Ray
(See above for address)


*Miscellaneous Counsel*:

Melanie Marilyn Blunschi
Latham & Watkins LLP
505 Montgomery Street, Suite
2000
San Francisco, CA 94111
415-395-8129
Fax: 415-395-8095
Email: melanie.blunschi@lw.com

Robert Burkart Ellis
Kirkland and Ellis LLP
300 North LaSalle
Chicago, IL 60654
312-862-2309
Email: robert.ellis@kirkland.com

Kevin K Chang
555 California Street
Suite 2700
San Francisco, CA 94104
415-439-1400  Fax: 415-439-1500
Email:
kevin.chang@kirkland.com

Whitney Weber
Latham and Watkins LLP
505 Montgomery Street, Suite
2000

San Francisco, CA 94111-6538
415-391-0600
Fax: 415-395-8095
Email: whitney.weber@lw.com

Martha A Boersch
Boersch Shapiro LLP
1611 Telegraph Avenue, Ste. 806
Oakland, CA 94612  415-500-6640  Email:
mboersch@boerschshapiro.com


Melinda Haag
U.S. Attorney's Office, Northern
District of California
   450 Golden Gate Avenue, 11th
Floor
San Francisco, CA 94102
415-436-6968
   Fax: 415-436-7234
Email: mhaag@orrick.com

Robert Luis Uriarte
Orrick
   1000 Marsh Road
Menlo Park, CA 94025
(650) 289-7105
Email: ruriarte@orrick.com

Alexei Klestoff
ZwillGen Law LLP
235 Montgomery Street
Suite 425
   San Francisco, CA 94104
415 590 2335
Fax: 415 636 5965
Email: alexei@zwillgen.com
*LEAD ATTORNEY*

Benjamin Laban Singer
Singer Bea LLP
601 Montgomery Street, Suite
   1950                San Francisco, CA 94111
(415) 500-6077

Fax: (415) 500-6080

Email: bsinger@singerbea.com
*LEAD ATTORNEY*

Walter Christian Pfeffer
  Singer Bea LLP
601 Montgomery Street, Suite
1950
San Francisco, CA 94111
415-500-6080
  Fax: 415-500-6080
Email: wpfeffer@singerbea.com

Carolyn Hoecker Luedtke
Munger, Tolles Olson LLP
  560 Mission Street
27th Floor
San Francisco, CA 94105
415/512-4027
  Fax: 415-644-6927

Email: carolyn.luedtke@mto.com
*LEAD ATTORNEY*

Eric Akira Tate
(See above for address)

Adrian James Sawyer
Kerr & Wagstaffe LLP
100 Spear Street, Suite 1800
San Francisco, CA 94105
  415-371-8500
Fax: 415-371-0500
  Email:          sawyer@kerrwagstaffe.com

Rachael Elizabeth Meny
(See above for address)

David C. Brownstein
  Farmer Brownstein Jaeger LLP
235 Montgomery St., Suite 835
San Francisco, CA 94104

415-962-2873
Fax: 415-520-5678                    Email: dbrownstein@fbj-law.com

William S Farmer

Farmer Brownstein Jaeger LLP
235 Montgomery St.
Suite 835
San Francisco, CA 94104
415-962-2877
Fax: 415-520-5678
Email: wfarmer@fbj-law.com

John V. Picone , III
Hopkins & Carley
A Law Corporation
The Letitia Building
70 South First Street
P.O. Box 1469
San Jose, CA 95109-1469
408-286-9800              Fax: 408-998-4790
Email: jpicone@hopkinscarley.com

Jason R. Bartlett
Mauriel Kapouytian Woods LLP
275 Battery Street, Suite 480
San Francisco, CA 94111
(415) 738-6334
Fax: (415) 738-2315
Email: jbartlett@mkwllp.com

Marc J. Pernick
Mauriel Kapouytian Woods LLP
275 Battery Street, Suite 480
San Francisco, CA 94111
415-738-7391
Fax: 415-738-2315
Email: mpernick@mkwllp.com

Anne Rebecca Fokstuen
Law Office of Anne Fokstuen
5432 Geary Boulevard
Suite 135
San Francisco, CA 94121
United Sta

415-745-0427
Email: af@annefokstuen.com

Amy E Craig
Ramsey & Ehrlich LLP  803 Hearst Ave.
Berkeley, CA 94710  (510) 548-3600
Fax: (510) 291-3060
Email: amy@ramsey-ehrlich.com

Ismail Jomo Ramsey
Ramsey & Ehrlich LLP
803 Hearst Avenue
Berkeley, CA 94710
510-548-3600
Fax: 510-291-3060
Email: izzy@ramsey-ehrlich.com

Miles F. Ehrlich
Ramsey & Ehrlich LLP
803 Hearst Avenue
Berkeley, CA 94710
510-548-3600
Fax: 510-291-3060  Email:
miles@ramseyehrlich.com

Jonathan Alan Patchen
Taylor & Patchen, LLP
One Ferry Building
Suite 355
San Francisco, CA 94111
415-788-8200  Fax: 415-788-8208  Email:
jpatchen@taylorpatchen.com

Steven Zansberg
Ballard Spahr LLP
1225 17th Street
Suite 2300
Denver, CO 80202-5596
303-376-2400  Fax: (303) 296-3956
Email: zansbergs@ballardspahr.com

Ryan K. Stumphauzer, Esq.
Florida Bar No. 0012176
rstumphauzer@sslawyers.com

Jorge A. Perez Santiago, Esq.
Florida Bar No. 91915
jperezsantiago@sslawyers.com
Stumphauzer & Sloman, PLLC
SunTrust International Center
One SE 3rd Avenue, Suite 1820
Miami, Florida 33131
(305) 371-9686
Fax: (305) 371-9687