UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-24560-Mc-WILLIAMS/TORRES

WAYMO, LLC,

       Plaintiff,

v.

UBER TECHNOLOGIES, LLC,
*et al.*,

       Defendants.
_____/

### ORDER ON EMERGENCY MOTION
### TO QUASH AND STAY SUBPOENA

     This emergency matter is before the Court on a non-party motion to quash a subpoena served on Craig Clark, a witness identified in connection with a case pending in the Northern District of California before the Honorable William Alsup. Judge Alsup is adjudicating a complex action that is set for trial in February 2018 and now subject to a supplemental discovery cutoff of December 22, 2017. Non-party Craig Clark was served on December 15, 2017, with a subpoena that required his appearance in San Francisco, California, on December 21, 2017, for the taking of his deposition. Mr. Clark filed the pending motion to quash on December 18, 2017. After review of the motion and supporting record, the Court expedited the response and reply. Thus, albeit in a highly abbreviated basis, the matter is ripe for adjudication following its referral for disposition.

1. In the interests of time, a detailed summary of the facts and arguments of the parties is not necessary. The parties are fully aware of the factual and procedural history of the underlying case as well as this miscellaneous action. In short, however, the movant claims that the subpoena should be quashed under Rule 45, Fed. R. Civ. P., because it is defective on its face and also constitutes an undue burden on the non-party to comply with the subpoena by the date identified, December 21. Mr. Clark complains that he does not have enough time to secure his primary counsel to defend him at the deposition, he has not had enough time to prepare for the complex matters at issue, and he faces potential unfair prejudice stemming, in part, from a related criminal investigation.

2. The plaintiff in the underlying action, which issued the subpoena in order to obtain Mr. Clark's deposition testimony within the limited time frame set by Judge Alsup, argues that the motion should be denied. Waymo first argues that the subpoena does not require the witness's appearance in California as Waymo has conceded that it will depose Mr. Clark in Miami. Waymo concludes that, following that concession, there is no longer any basis to grant the motion because no undue burden exists, Mr. Clark was afforded reasonable notice of the scheduled deposition, and there will be no unfair prejudice to him if the deposition proceeds. Waymo argues that Mr. Clark's testimony is essential for determination of the matters now at issue in the underlying case. Further, Waymo points out that Judge Alsup is anticipating Mr. Clark's testimony in advance of trial and in order to address the

sanctions motions pending before him related to the Defendant's alleged failure to timely disclose all relevant documents.

3.  Federal Rule of Civil Procedure 45 provides that a subpoena must be modified or quashed if it "requires disclosure of privileged or other protected matter" or "subjects a person to [an] undue burden." Fed. R. Civ. P. 45(c)(3); *see also Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004) ("Under Federal Rule of Civil Procedure 45, a court may quash or modify a subpoena if it (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden.") (footnote omitted). "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation." *Wiwa*, 392 F.3d 818 (quoting *Linder v. Dep't of Def.*, 133 F.3d 17, 24 (D.C. Cir. 1998)).

4.  To determine whether a subpoena imposes an undue burden, the court must consider at least six factors:

> (1) [the] relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party.

3

*Wiwa*, 392 F.3d at 818.  As part of this inquiry, "[a] trial court has broad, but not unlimited, discretion in evaluating the circumstances of a case when considering quashing a subpoena on grounds of oppressiveness.  It must carefully examine the circumstances presented to it and, when appropriate, consider the possibility of modifying the subpoena rather than quashing."  *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984).

5.     The Court finds that the subpoena served on December 5th must be modified, as Waymo concedes, because Mr. Clark cannot be compelled to appear for a deposition more than 100 miles from his residence or primary place of business. Mr. Clark, formerly in-house counsel at Defendant Uber, no longer works at Uber and now lives in this District.  Accordingly, it is undisputed that the subpoena, at Mr. Clark's insistence, cannot be enforced as is.  Any deposition of the witness must take place in this District and in Miami, where Mr. Clark and his counsel are available.

6.     The more contentious issue is whether the time for compliance should be extended beyond the December 22nd cutoff date set by Judge Alsup.  Mr. Clark complains that he has not sufficient time to prepare for a very complex deposition that implicates significant privilege issues based on his earlier role as in-house counsel for Defendant Uber.  Such issues are further complicated by the potential criminal liability that Uber and Mr. Clark may be facing due to a pending criminal investigation in the Northern District of California, which investigation Mr. Clark did not learn about until December 15th.  Thus, he concludes, it is unfair and an

undue burden for him to be rushed to testify in a legal proceeding when the sticky issues involved are not thoroughly vetted by his counsel and him.

7. Rule 45 does not include a specific time to comply with a subpoena to a non-party in the rule itself. Instead, Rule 45 provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: fails to allow a *reasonable time to comply* . . . ." FED. R. CIV. P. 45 (emphasis added). "Although 'reasonable time' is not explicitly defined in this section of Rule 45, other courts have looked to the language . . . to find fourteen days from the date of service is presumptively reasonable." *In re Rule 45 Subpoena to Fid. Nat. Info. Servs., Inc.*, 2009 WL 4899399, at *1 (M.D. Fla. Dec. 11, 2009) (citing *McClendon v. TelOhio Credit Union, Inc.,* 2006 WL 2380601 (S.D. Oh. Aug.14, 2006)); *see also Mendenhall v. Blackmun*, 2010 WL 3272946, at *1 (S.D. Ala. Aug. 18, 2010); *Parrot, Inc. v. Nicestuff Distrib. Int'l, Inc.,* 2009 WL 197979, at *4 (S.D. Fla. Jan. 26, 2009) (rejecting non-party's argument that subpoena did not provide sufficient time for response and reiterating that "reasonableness" is considered on a case by case basis).

8. Here, on the surface Mr. Clark was provided only six days' notice of the deposition following the service of the subpoena on December 15th. But, it is undisputed that Mr. Clark's counsel and Waymo's counsel were engaged in protracted discussions about the deposition and Mr. Clark's necessary testimony well beforehand. Mr. Clark concedes that he was aware of the request for his testimony as early as December 5th. Therefore, he had functional notice of the need

5

for his testimony in this time frame. Timeliness under these circumstances is not a substantial reason to quash the subpoena in its entirety. Given the late hour, however, the Court will Order that the deposition take place on December 22, 2017, which still falls within the discovery cutoff that Judge Alsup has approved. And that gives the parties sufficient time to comply with this Order.

9. Mr. Clark argues however that his primary counsel is not easily available on even that date. But a review of the affidavit of counsel shows that he says he is not available until well into January. The interests of complying with the schedule in the underlying case, coupled with the fact that Mr. Clark has had substantial time to retain very respected local counsel, mitigate against any Order quashing the subpoena on this basis. Mr. Howitson will be available to consult by telephone if he, understandably, chooses to take care of his family responsibilities instead of a non-party deposition. But that decision is his to make, not a basis to quash an otherwise enforceable subpoena.

10. That then leads to the question whether special conditions should be imposed for the deposition based upon the valid concerns raised by Mr. Clark's motion and reply. Clearly, substantial privilege issues may arise, including potential fifth amendment privilege claims that Mr. Clark may be entitled to assert. But the existence of those thorny privilege matters is not a reason to quash the deposition altogether. Mr. Clark's able counsel will certainly be on the look-out for questions that seek to elicit communications that implicate Uber's privilege, and

more importantly Uber's counsel will be even better prepared to assert an appropriate privilege claim when and if the time arises.

11. Similarly, Mr. Clark's counsel will be prepared to assert a fifth amendment privilege on any matter that gives rise to that concern. The fact that Mr. Clark may have to claim a fifth amendment privilege to protect himself from criminal liability is a risk that Waymo certainly understands and will be prepared to deal with if it arises. Again, that is not a basis to issue a blanket order quashing the deposition.

12. The time limitations that Mr. Clark demands are also unreasonable, precisely because some time will undoubtedly be taken by the lawyers arguing over what questions are eliciting privileged communications. Those colloquys must be kept to a brief minimum and comply with Rule 30. No speeches are needed to assert a privilege. But at the same time a four-hour time limitation is simply not realistic given the complex issues involved for all sides. The deposition may thus proceed in accordance with Rule 30 and not take more than seven hours of deposition time.

13. Instead, the Court agrees that the matters that may be raised at the deposition should only relate to the specific reasons why this deposition is required on an urgent basis. The issues that Judge Alsup has addressed at an evidentiary hearing on a motion for sanctions are the particular matters that require Mr. Clark's urgent testimony. The Court is duty bound to assist our colleagues in the Northern District of California for that important purpose. But that means that

other issues that may be raised at the deposition that have nothing to do with those immediate proceedings should be barred. For this purpose, Mr. Clark's counsel identifies four areas that should be "out-of-bounds." Reply at 5 [D.E. 8]. The Court will not adopt those particular limitations per se, simply because at this stage it simply does not have enough familiarity with the pending matters in this case to draw such fine lines. Instead, the Court will grant counsel for Mr. Clark leave to object on relevance grounds and instruct the witness not to answer particular questions, but *only* if counsel grants full leeway to Waymo's counsel to ask questions that relate to the matters that are at issue before Judge Alsup. And counsel is on notice that Judge Alsup may compel a second deposition if, it turns out, counsel used an unduly broad brush in his assessment of relevance.[1] That will prejudice Mr. Clark because his testimony will have to be retaken. So Mr. Clark's counsel has every incentive to utilize a broad strike zone to avert possible sanctions against Mr. Clark or his counsel.

14. By granting Mr. Clark's counsel this discretion, the reasons cited in the motion to compel Waymo to produce documents to the witness in advance of the deposition are mooted. Any documents used in the deposition must only relate to the specific issues now pending before Judge Alsup. No further relief is required because Mr. Clark knows in advance the scope of questions that he must provide answers to.

---

[1] The Court will exercise its discretion and transfer any post-deposition issues that any party may raise to the Northern District of California, as per Rule 45(f) as the Court now finds that exceptional circumstances clearly exist in this record to do so in the interests of comity and practicality.

15. Subject to these limitations, the motion to quash is now GRANTED in part and DENIED in part. The deposition shall be proceed at a time and place identified by Waymo's counsel in Miami on December 22, 2017.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of December, 2017.

                                                     /s/ *Edwin G. Torres*
                                                     EDWIN G. TORRES
                                                     United States Magistrate Judge